# EXHIBIT 1

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

FEB -9 2022

RICK WARREN
COURT CLERK

37 _____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

BRIANNE SIX, )
 )
 Plaintiff, )
 )
v. )
 )
AMERICAN FIDELITY CORPORATION, )
 )
 Defendant. )

CJ-2022-626

Case No. CJ-22-_____
ATTORNEY'S LIEN CLAIMED
JURY TRIAL DEMANDED

## PETITION

**COMES NOW** Plaintiff Brianne Six and, for her causes of action against Defendant American Fidelity Corporation, alleges and states as follows:

### The Parties

1. Plaintiff Brianne Six is and at all relevant times has been a citizen of the State of Oklahoma and a resident of Canadian County.

2. Defendant American Fidelity Corporation is and at all relevant times has been a foreign for-profit corporation organized under the laws of the State of Nevada.

### Jurisdiction and Venue

3. This Court has personal jurisdiction over Defendant because Defendant operates its business in the State of Oklahoma, including the worksite where Plaintiff was employed prior to her termination.

4. Venue is proper in this Court because Defendant may be served with process in Oklahoma County via its registered service agent, Christopher T. Kenney, 9000 Cameron Parkway, Oklahoma City, Oklahoma 73114.

1

## Factual Allegations

5. Defendant employed Plaintiff for nearly fifteen years.

6. Plaintiff always performed her job duties and responsibilities in a competent and satisfactory manner.

7. In the late summer of 2021, Plaintiff was diagnosed with cytomegalovirus, which caused her to endure significant health problems throughout August, September, and October 2021.

8. Plaintiff was hospitalized on multiple occasions in this time period and struggled to perform basic activities of daily living.

9. At the time of her diagnosis, Plaintiff was employed in Enrollment Solutions – Product Only.

10. Plaintiff's supervisor at that time was Kyle Ramsey.

11. Ramsey controlled Plaintiff's work schedule and conditions of employment.

12. Ramsey had the authority to discipline Plaintiff, up to and including termination.

13. Plaintiff requested time off under the Family and Medical Leave Act of 1993 for her serious medical condition after her diagnosis with CMV.

14. Plaintiff was eligible for FMLA leave and Defendant authorized her request.

15. Plaintiff successfully returned to a work-from-home schedule on October 11, 2021.

16. On November 3, 2021, Plaintiff was instructed to attend a Zoom meeting with Ramsey and others. During this meeting, Plaintiff was terminated based on allegations of poor supervisory performance.

17. Plaintiff was completely blind-sided by the allegations and her termination.

18. Unlike similarly situated employees, Plaintiff had not received any progressive discipline. Indeed, Plaintiff had successfully supervised employees at the company since 2013 and the termination came out of the blue to her, because she was performing her duties and responsibilities in a satisfactory manner.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FMLA

19. Plaintiff incorporates by reference the allegations set forth in full herein.

20. Defendant is a covered employer under the FMLA.

21. Plaintiff was entitled to FMLA leave.

22. Plaintiff engaged in a protected activity by taking FMLA leave.

23. Defendant took an action that a reasonable employee would have found materially adverse, in that it terminated Plaintiff's employment

24. There is a causal connection between the protected activity and the termination because Defendant terminated Plaintiff within three (3) weeks of her return to work.

25. Any reason offered by Defendant for its termination of Plaintiff is merely a pretext for unlawful discrimination.

26. Defendant would not have taken the adverse action if Plaintiff had not engaged in protected conduct, *i.e.* exercising her rights under the FMLA.

27. Defendant's termination of Plaintiff constitutes unlawful retaliation and/or unlawful interference in violation of the FMLA.

28. As a direct and proximate result of Plaintiff's wrongful discharge, Plaintiff has suffered economic and non-economic damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE Plaintiff prays for judgment against Defendant as follows:

(1) For her actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00);

(2) For her court costs and a reasonable attorney's fee;

(3) For pre-judgment and post-judgment interest; and

(4) For any other such and further relief as the Court and/or jury determines is just and equitable to make Plaintiff whole.

Dated this 9th day of February, 2022.

Barrett T. Bowers, OBA# 30493
THE BOWERS LAW FIRM
1611 N. Broadway Ave.
Second Floor
Oklahoma City, Oklahoma 73103
(405) 768-2907 - Office
(405) 727-7188 – Cell
barrett@bowerslawok.com